**2**

Grady GENTRY v. STATE. (No. 8785.) (Court of Criminal Appeals of Texas. Oct. 15, 1924. Rehearing Denied Nov. 12, 1924.) Appeal from District Court, Hopkins County; Geo. B. Hall, Judge. T. J. Ramey, of Sulphur Springs, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The offense is forgery; punishment fixed at confinement in the penitentiary for a period of two years. The indictment is regular. On a plea of guilty, the minimum punishment was assessed. No reason for reversal has been advanced by the appellant, or discovered by this court. The judgment is affirmed.

---

**3**

C. E. GILMORE v. STATE. (No. 8760.) (Court of Criminal Appeals of Texas. June 11, 1924. Rehearing Denied Nov. 5, 1924.) Appeal from District Court, Cass County; Hugh Carney, Judge. Rowell & Rowell, of Jefferson, French & Price, of Daingerfield, I. C. Underwood, of Marshall, and E. B. Lewis, of Jefferson, for appellant. Tom Garrard, State's Atty.,

and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The offense is manslaughter; punishment fixed at confinement in the penitentiary for a period of two years. Appellant was indicted for murder. He entered a plea of guilty of the offense of manslaughter, which plea was received by the court. After hearing the charge of the court, the jury returned a verdict, finding the appellant guilty, and fixing the lowest penalty prescribed by law for the offense of manslaughter. The facts heard upon the trial are not brought forward for review, nor is there complaint of any ruling upon the trial. The judgment is affirmed.

---

**4**

O. F. GLASCO v. STATE. (No. 8262.) (Court of Criminal Appeals of Texas. Oct. 8, 1924. Rehearing Denied Nov. 19, 1924.) Appeal from District Court, Lamar County; Ben H. Denton, Judge. C. A. Martin, of Paris, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for arson. The indictment contains two counts—one charging appellant with burning his own house, situated in the city of Paris; the other charging that he burned his own house, the same being insured. The state's evidence sustained both counts, and the court, in his instruction to the jury (to which no exception was taken), authorized conviction under either or both counts. The verdict found appellant guilty under both counts, and assessed his punishment at two years in the penitentiary. The judgment condemns him to be guilty of arson. In motion for new trial complaint is made that the verdict is a double one, carrying a joint penalty, and cannot be the basis of a legal judgment. We think there is no merit in the contention. The house was situated in the city of Paris, and was insured. The burning of it by appellant made him guilty of one act of arson, but sustained the charge under both counts. The penalty assessed, being the lowest, shows that the jury did not intend to, and in fact did not, convict of two offenses, nor assess a double punishment. The question is discussed at some length in Rambo v. State, 96 Tex. Cr. R. 387, 258 S. W. 827. Finding no error, the judgment is affirmed.

---

**5**

Geo. GREEN v. STATE. (No. 8914.) (Court of Criminal Appeals of Texas. Oct. 29, 1924.) Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The offense is forgery; punishment fixed at confinement in the penitentiary for a period of two years. The facts heard by the trial court are not before us. No fault in the procedure is complained of by bill of exceptions, or perceived by this court. The judgment is affirmed.